(October 24, 2006)

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WILSON, Appellant. [823 NYS2d 41]—

Order, Supreme Court, New York County (Ruth L. Sussman,

J.), entered on or about April 12, 2005, which adjudicated defendant a level three sex offender under the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Except as noted, the People met their burden of establishing various risk factors bearing a sufficient total point score to support a level three sex offender adjudication. We agree with defendant that the People failed to present clear and convincing evidence that he received regular parole supervision. Accordingly, the court should not have assessed five points for that category. Even without those five points, defendant is left with more than enough points for a level three classification. We reject defendant's arguments concerning other risk factors at issue. The court also correctly declined to reduce defendant's status to level two because the factors that he alleged to demonstrate his lower risk of committing another sexual offense did not establish a special circumstance warranting a downward departure (*see People v Guaman*, 8 AD3d 545 [2004]).

Defendant's challenge to the choice of risk factors made by the Legislature and the Board of Examiners of Sex Offenders (*see* Correction Law § 168-*l* [5]) is unavailing (*see People v Joe*, 26 AD3d 300 [2006], *lv denied* 7 NY3d 703 [2006]; *see also People v Bligen*, 33 AD3d 489 [2006] [decided herewith]). We have considered and rejected defendant's remaining claims. Concur—Buckley, P.J., Saxe, Williams, Sweeny and Malone, JJ.