■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY BLIGEN, Appellant. [823 NYS2d 42]—

Order, Supreme Court, New York County (Ruth L. Sussman, J.), entered on or about May 25, 2005, which adjudicated defendant a level three sex offender under the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Defendant's constitutional challenge to the use of the risk assessment instrument is barred by the stipulation of settlement (96 Civ 1657 [DC]) entered into by the parties, including defendant, in *Doe v Pataki* (3 F Supp 2d 456 [SD NY 1998]). This stipulation clearly provides that for each plaintiff whose risk level was to be redetermined pursuant to that decision, the new risk assessment instrument would continue to apply the guidelines established under Correction Law § 168-*l* (5).

Were we to conclude that the stipulation does not bar defendant's constitutional claim, we would reject that claim. The classification procedure satisfies all the requirements of

due process (*see Mathews v Eldridge*, 424 US 319 [1976]). Although defendant offers some scientific criticisms of their predictive value, he has not shown that the factors on which the guidelines are based are unreliable indicators of the risk of reoffense by a sex offender so that their use violates the sex offender's right to due process (*cf. Kansas v Hendricks*, 521 US 346, 360 n 3 [1997]; *Schall v Martin*, 467 US 253, 278 [1984]; *Jones v United States*, 463 US 354, 365 n 13 [1983]).

The People established by clear and convincing evidence various risk factors bearing a sufficient total point score to support a level three adjudication. The grand jury minutes constituted "reliable hearsay evidence" (Correction Law § 168-n [3]).

We have considered and rejected defendant's remaining contentions. Concur—Buckley, P.J., Mazzarelli, Marlow, Sullivan and Gonzalez, JJ.