■ The People of the State of New York, Respondent, v James Howard, Appellant. [860 NYS2d 503]—

Orders, Supreme Court, New York County (Arlene Silverman, J.), entered on or about September 12 and October 12, 2006, which respectively, denied defendant's motion to declare uncon-

stitutional the procedures used to determine his risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C), and adjudicated him a level three sex offender, unanimously affirmed, without costs.

In making its determination, the court properly considered grand jury minutes, which constituted "reliable hearsay evidence" (Correction Law § 168-n [3]). The Confrontation Clause does not apply to these proceedings (*People v Dort*, 18 AD3d 23, 25 [2005], *lv denied* 4 NY3d 885 [2005]), and the use of reliable hearsay did not deprive defendant of due process (*see People v Mingo*, 49 AD3d 148, 152 [2008]). Defendant's arguments concerning unlawful grand jury disclosure (*see* CPL 190.25 [4]; Penal Law § 215.70) are without merit because, in the circumstances presented, the court's acceptance of the minutes sufficed as an order of the court to reveal them (*see People ex rel. Ryan v Warden, N.Y. City House of Detention*, 113 AD2d 116, 119 [1985]).

The People established, by clear and convincing evidence, risk factors bearing a sufficient total point score to support a level three adjudication. Defendant's challenges to the choice of risk factors made by the Legislature and the Board of Examiners of Sex Offenders are both waived and without merit (*see People v Bligen*, 33 AD3d 489 [2006]; *People v Joe*, 26 AD3d 300 [2006], *lv denied* 7 NY3d 703 [2006]). Concur—Lippman, P.J., Williams, Moskowitz and Acosta, JJ.