■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN S. SZWALLA, Appellant. [877 NYS2d 757]—

Kane, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), entered January 29, 2008, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

In 1966, defendant was convicted of burglary in the third degree, rape in the first degree (three counts) and carnal abuse of a child stemming from an incident wherein he and an accomplice broke into a woman's home, repeatedly raped her at gun point and knife point, then sexually abused the woman's child. Following a hearing to redetermine his classification under the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]), County Court reduced defendant's total score on the risk assessment instrument from 175 to 155, still making him a presumptive level three sex offender. The court denied the People's argument for an automatic override but also denied defendant's request for a downward departure, instead classifying defendant as a level three offender. Defendant appeals.

Application of SORA to defendant did not violate his constitutional rights. Because SORA does not impose punishment, but is a civil statute aimed at prevention of crime and protection of the public, applying SORA to individuals who committed crimes prior to its enactment does not violate the ex post facto or double jeopardy clauses of the US Constitution (*see People v Bove*, 52 AD3d 1124, 1124 [2008]; *People v Lee*, 292 AD2d 639, 640 [2002]; *Matter of M.G. v Travis*, 236 AD2d 163, 166-167 [1997], *lv denied* 91 NY2d 814 [1998]; *Doe v Pataki*, 120 F3d 1263, 1265, 1284-1285 [2d Cir 1997], *cert denied* 522 US 1122 [1998]). County Court complied with Correction Law § 168-n, thereby providing defendant with due process. The court granted an adjournment so defense counsel could review sealed psychiatric records and prepare for the hearing. The statute does not require copies of sealed documents to be provided to defendant, as long as counsel had the opportunity to review those documents. In any event, the court did not rely on the sealed psychiatric records in its determination. The procedure followed complied with the statute and the constitution.

County Court imposed the proper risk level classification. Even after reducing the point total and denying an automatic

override, defendant was still presumptively a level three offender. Defendant does not challenge the points assessed; he only contends that a downward departure was appropriate due to the passage of time since his conviction and his failure to reoffend. Considering the nature of the crimes, defendant's prior youthful offender adjudication for a crime of a sexual nature, his reincarceration after violations of parole on five separate occasions and his statement at the hearing that he still felt he was innocent of the charged crimes, defendant failed to establish special circumstances or mitigating factors justifying a departure from the presumptive level (*see People v Bove*, 52 AD3d at 1125; *People v Arotin*, 19 AD3d 845, 847 [2005]; *People v Hunt*, 17 AD3d 713, 714 [2005], *lv denied* 5 NY3d 763 [2005]).

Cardona, P.J., Peters, Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.