■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW J. MILLER, Appellant. [908 NYS2d 513]—

Appeal from an order of the Livingston County Court (Robert B. Wiggins, J.), entered November 2, 2007. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (SORA) (Correction Law § 168 *et seq.*). We reject the contention of defendant that County Court erred in assessing 10 points against him under risk factor 12, for his failure to accept responsibility. Although defendant pleaded guilty, the presentence report indicates that he stated that the 11-year-old victim, who had been vomiting into a toilet when defendant entered the bathroom, "grabbed him and stated that she wanted to [have sex]" and that the victim repeated that request several times. Defendant further claimed that he replied, "No way," and left the house, that nothing happened with the victim and that he pleaded guilty only to avoid the risk of losing at trial. Those statements constituted clear and convincing evidence of defendant's failure to accept responsibility for the crime (*see People v Ferrer*, 69 AD3d 513, 515 [2010], *lv denied* 14 NY3d 709 [2010]; *People v Murphy*, 68 AD3d 832 [2009], *lv dismissed* 14 NY3d 812 [2010]; *People v Lerch*, 66 AD3d 1088 [2009], *lv denied* 13 NY3d 715 [2010]). Although the statements were made approximately 12 years prior to the court's SORA determination, the argument of defendant at the SORA hearing that he should be assessed points only under risk factor two, for contact under clothing, illustrates his continuing failure to accept responsibility for his conduct.

Defendant further contends that the court erred in assessing points against him under risk factor 14, for his supervision following release from prison, based on the statement in the presentence report that defendant could benefit from sex offender and mental health counseling. We reject that contention. There is no evidence in the record demonstrating that the sentencing court ordered specialized supervision when imposing the sentence of probation and, at the time the court made the SORA determination, defendant was no longer under any supervision (*see generally People v Leeks*, 43 AD3d 1251 [2007]).

Finally, defendant failed to preserve for our review his contention that the application of SORA to him 12 years after his conviction was penal in nature and violated his double jeopardy

rights (*see generally People v McElhearn*, 56 AD3d 978, 978-979 [2008], *lv denied* 13 NY3d 706 [2009]; *People v McLean*, 55 AD3d 973 [2008]). In any event, that contention lacks merit inasmuch as SORA proceedings are not penal in nature, and thus they are not subject to the prohibition against double jeopardy (*see generally People v Szwalla*, 61 AD3d 1289, 1290 [2009]). Present—Scudder, P.J., Centra, Peradotto, Sconiers and Pine, JJ.