■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CARLEO, Appellant. [918 NYS2d 795]—

In a proceeding to determine a defendant's designation under the Sex Offender Registration Act (hereinafter SORA) (*see* Correction Law art 6-C), the People bear the "burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n [3]; *see People v Mingo*, 12 NY3d 563, 571 [2009]; *People v Bright*, 63 AD3d 1133 [2009]; *People v Atkinson*, 65 AD3d 1112 [2009]; *People v Inghilleri*, 21 AD3d 404, 406 [2005]; SORA: Risk Assessment Guidelines and Commentary, at 5, ¶ 7 [2006]). The People may satisfy their burden of proof through the submission of, among other things, the risk assessment instrument and case summary, the presentence report, the defendant's admission, and the victim's statement (*see People v Mingo*, 12 NY3d at 573; *People v Burgess*, 6 AD3d 686, 686 [2004]; SORA: Risk Assessment Guidelines and Commentary, at 5, ¶ 7 [2006]).

In reaching its determination, the hearing court, inter alia, "may consider reliable hearsay evidence submitted by either party, provided that it is relevant to the determinations" (Correction Law § 168-n [3]; *see People v Mingo*, 12 NY3d at 574; *People v Bolton*, 50 AD3d 990 [2008]). Generally, grand jury testimony meets the "reliable hearsay" standard and may be sufficient for the People to meet their burden of proof (*see People v Mingo*, 12 NY3d at 573). "Although not subject to cross-examination, this evidence is taken under oath, a significant, though not indispensable, indication of reliability" (*id.* at 573). However, any statement contained in grand jury testimony need not be credited "when it is unduly speculative or its accuracy is undermined by other more compelling evidence" (*id.* at 573).

Here, contrary to the defendant's contention, although the victim's grand jury testimony was undisputedly inaccurate about two specific dates upon which she alleged the defendant sexually abused her, under the circumstances, it was not improper for the hearing court to treat the balance of her testimony as reliable hearsay evidence, as the balance of her testimony was largely consistent with her initial statement to the police, and the defendant's guilty plea, in effect, corroborates a portion of the balance of her testimony (*see People v Mingo*, 12 NY3d at 574; *see also People v Hewitt*, 73 AD3d 880, 881 [2010]; *People v Willette*, 67 AD3d 1259 [2009]; *People v Craig*, 45 AD3d 1365 [2007]).

Turning to the merits, we find no grounds to disturb the hearing court's determination to assess the defendant 25 points under risk factor 2 and 20 points under risk 4 as, among other things, the balance of the victim's grand jury testimony and her statement to the police, which is summarized in the presentence report, support, by clear and convincing evidence, a finding that the defendant engaged in sexual intercourse with the victim on at least one occasion and that the defendant's sexual contact with the victim transpired over several months (*see* Correction Law § 168-n [3]). Covello, J.P., Belen, Hall and Cohen, JJ., concur.