■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODERICK LANCASTER, Appellant. [9 NYS3d 145]—

Appeal by the defendant from an order of the County Court, Dutchess County (Forman, J.), dated August 27, 2013, which, after a hearing, designated him a level three sex offender and a predicate sex offender pursuant to Correction Law article 6-C.

Ordered that the order is modified, on the law, by deleting the provision thereof designating the defendant a predicate sex offender; as so modified, the order is affirmed, without costs or disbursements.

After a risk assessment hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the County Court designated the defendant a level three sex offender, based on the assessment of 135 points against him, as well as the application of an automatic override to risk level three.

The defendant was properly assessed 25 points under risk factor 2, based on acts of sexual intercourse, and 20 points under risk factor 4, based on a continuing course of sexual misconduct. Contrary to the defendant's contention, the County Court properly relied on the eight-year-old complainant's grand jury testimony in assessing these points, regardless of whether proper procedures were followed in ascertaining that the complainant was competent to testify under oath (see People v Mingo, 12 NY3d 563, 576 [2009]; People v Jewell, 119 AD3d 1446, 1447 [2014]; People v Law, 94 AD3d 1561, 1563 [2012]).

However, the County Court should not have relied on the defendant's prior conviction of assault with intent to commit rape by a military tribunal (see Manual for Courts-Martial, United States, part IV, ¶ 64.b [2012]) to assess 30 points under risk factor 9 (based on a prior sex crime), apply an automatic override to risk level three (based on a prior felony conviction for a sex crime), and designate the defendant a predicate sex offender (pursuant to Correction Law § 168-a [7] [c], based on his prior conviction of a sex offense). Contrary to the County Court's determination, the military offense of which the defendant was convicted did not qualify as a "sex offense," as defined in Correction Law § 168-a (2) (d) (ii) (see People v Kennedy, 7 NY3d 87, 91-92 [2006]). Furthermore, contrary to the People's contention, the defendant's military offense does not "include[ ] all of the essential elements" (Correction Law § 168-a [2] [d] [i]) of attempted rape in the first degree under New York law, and thus does not qualify as a "sex offense" on that basis.

Although the defendant's prior military offense of assault with intent to commit rape does not qualify as a sex offense, it does evidence a prior criminal history, thereby warranting the assessment of five points under risk factor 9. These five points, when added to the 60 points that the defendant concedes were properly assessed against him, and the 45 points assessed under risk factors 2 and 4, discussed above, yield a point total of 110, which is within risk level three. Accordingly, while the

defendant should not have been designated a predicate sex offender, he was nonetheless properly adjudicated a level three sex offender. Skelos, J.P., Chambers, Maltese and Duffy, JJ., concur.