■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEOPHUS HARMON, Appellant. [44 NYS3d 68]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Parker, J.), entered September 27, 2012, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In 2001, the defendant sexually abused his former girlfriend's son. In 2009, the defendant was indicted and charged with course of sexual conduct against a child in the first degree against this victim, and course of sexual conduct against a child in the second degree (two counts) with respect to two other victims. In 2010, he pleaded guilty to course of sexual conduct against a child in the first degree in full satisfaction of the indictment and was sentenced, inter alia, to a term of imprisonment.

The Board of Examiners of Sex Offenders (hereinafter the Board) assessed the defendant a level three sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA). The Board assessed the defendant 135 points, including 30 points on the ground that the his conviction was based upon an indictment charging him with sex crimes against three victims. The Board further noted that the defendant was presumptively a level three sex offender based upon a prior felony conviction of a sex crime, which subjected him to an upward override. The case summary noted that the defendant was convicted in 1981 of rape in the first degree.

At a SORA hearing, defense counsel argued that, although the defendant freely admitted his conduct with respect to his former girlfriend's son, he denied the conduct alleged with respect to the two other children. Defense counsel argued that the grand jury testimony submitted to substantiate those allegations was not subject to cross-examination and therefore did not constitute clear and convincing evidence. Defense counsel maintained that the defendant could not be assessed 30 points for three victims, dropping his points assessment to 105 points and rendering him presumptively a level two sex offender.

The Supreme Court concluded that the grand jury minutes constituted clear and convincing evidence of the number of victims in 2001 and confirmed the assessment of 135 points. The court further concluded that the Board properly applied an upward override as a result of the defendant's 1981 conviction of rape in the first degree, which was another ground for assessing him a level three sex offender.

The defendant argues that the People's disclosure of grand jury minutes in this case violated CPL 190.25 (4), citing *Matter of District Attorney of Suffolk County* (58 NY2d 436, 444, 446 [1983]), which ruled that grand jury minutes cannot be disclosed in a civil proceeding without a demonstration of a "compelling and particularized need" and that it is "impossible" to make a case without the grand jury minutes. However, this argument has been uniformly rejected by the courts (*see People v Lancaster*, 128 AD3d 786, 787 [2015]; *People v Jewell*, 119 AD3d 1446 [2014]; *People v Howard*, 52 AD3d 273 [2008]). Correction Law § 168-n (3) states that the court in a SORA proceeding "shall review any victim's statement," which includes a victim's testimony before the grand jury (*see People v Lancaster*, 128 AD3d at 787; *People v Jewell*, 119 AD3d 1446 [2014]). Grand jury testimony constitutes reliable hearsay that is sufficient for SORA purposes (*see People v Mingo*, 12 NY3d 563, 573 [2009]). Where grand jury testimony is "undermined by other more compelling evidence," it need not be credited unless corroborated by other evidence (*id*. at 573; *see People v Carleo*, 82 AD3d 1067, 1068 [2011]; *see also People v Mingo*, 12 NY3d at 573). However, in this case, no conflicting evidence was submitted.

Further, the defendant was subject to an upward override based upon his 1981 conviction of rape in the first degree. Therefore, even if the points assessment were insufficient to render the defendant presumptively a level three sex offender, the override was sufficient to render him presumptively a level three sex offender (*see People v Berry*, 138 AD3d 945 [2016]).

The defendant's remaining contentions are without merit (*see* Correction Law § 168-*l* [5]; *People v Gravino*, 14 NY3d 546, 556 [2010]; *People v Wells*, 138 AD3d 947 [2016]; *People v Parilla*, 109 AD3d 20, 22-30 [2013]; *People v Miller*, 77 AD3d 1386 [2010]; *People v Szwalla*, 61 AD3d 1289 [2009]).

Accordingly, the defendant was properly designated a level three sex offender pursuant to Correction Law article 6-C. Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.