■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINN BRITTON, Appellant. [49 NYS3d 742]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Del Giudice, J.), dated November 19, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant contends that, in determining his risk level under the Sex Offender Registration Act (*see* Correction Law art 6-C; hereinafter SORA), the Supreme Court erroneously assessed 25 points against him under risk factor 2. We disagree. Correction Law § 168-n (3) states that, in a SORA proceeding, the court "shall review any victim's statement," which includes a victim's testimony before the grand jury (*see People v Harmon*, 145 AD3d 688, 690 [2016]). Grand jury minutes constitute reliable hearsay that is sufficient for SORA purposes (*see People v Mingo*, 12 NY3d 563, 573 [2009]; *People v Harmon*, 145 AD3d at 690). Here, even though the defendant was acquitted of rape in the first degree and criminal sexual act in the first degree at his criminal trial relating to the underlying conduct, the People established by clear and convincing evidence, including the trial testimony and the victim's grand jury testimony, that the defendant engaged in sexual intercourse, deviate intercourse, or aggravated sexual abuse with the victim (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [hereinafter Commentary] at 9 [2006]).

Additionally, the defendant contends that the Supreme Court erred in assessing 10 points against him under risk factor 12 for failure to accept responsibility for his criminal conduct. Under the particular circumstances of this case, the court should not have assessed 10 points under risk factor 12. While testifying at his criminal trial, the defendant vigorously denied committing any of the charges. Thereafter, during the SORA

hearing, which occurred simultaneously with the defendant's sentencing in the underlying criminal trial, the defendant invoked his Fifth Amendment privilege against self-incrimination. This unique situation presented him with the choice of either exercising his Fifth Amendment privilege against self-incrimination and appealing his conviction with the hope of dismissal of the remaining criminal charge against him or a new trial on that charge but being assessed 10 points under risk factor 12, or, on the other hand, accepting responsibility and possibly incriminating himself if his conviction was reversed on appeal resulting in a new trial (*see People v Kearns*, 68 AD3d 1713, 1714 [2009]). Further, the People failed to establish, by clear and convincing evidence, facts to support the assessment of these points (*see* Correction Law § 168-n [3]; Commentary at 5, 15-16; *People v Mingo*, 12 NY3d at 571). However, even deducting these 10 points from the total points assessed, the defendant remains a presumptive level two sex offender (*see People v Correnti*, 126 AD3d 681, 681 [2015]; *People v Marsh*, 116 AD3d 680, 681 [2014]; *People v Mabee*, 69 AD3d 820, 820 [2010]).

Accordingly, the Supreme Court properly designated the defendant a level two sex offender pursuant to Correction Law article 6-C. Leventhal, J.P., Hall, Austin and Barros, JJ., concur.