People v Smith (2019 NY Slip Op 06181)





People v Smith


2019 NY Slip Op 06181


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
HECTOR D. LASALLE, JJ.


2013-06752

[*1]People of State of New York, respondent, 
v
Ronald A. Smith, appellant. Charles E. Holster III, Garden City, NY, for appellant.


Madeline Singas, District Attorney, Mineola, NY (Monica M.C. Leiter and Rebecca L. Abensur of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Angelo A. Delligatti, J.), dated May 30, 2013, which, after a hearing, designated him a level three sex offender and, in effect, a predicate sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is modified, on the law, by deleting the provision thereof, in effect, designating the defendant a predicate sex offender; as so modified, the order is affirmed, without costs or disbursements.
On January 14, 1983, the defendant was convicted in Michigan of breaking and entering an occupied dwelling with the intent to commit criminal sexual conduct in the second degree. He was sentenced to a term of imprisonment of 10 to 22½ years and released on April 14, 2002. Thereafter, on October 31, 2003, he was convicted in New York, upon his plea of guilty, of attempted rape in the first degree, attempted assault in the first degree, and criminal possession of a weapon in the third degree. He was sentenced, as a prior violent felony offender, to an aggregate term of imprisonment of 10 years, to be followed by 5 years of postrelease supervision.
Prior to the defendant's release from prison, the Board of Examiners of Sex Offenders (hereinafter the Board) assessed the defendant a total of 110 points, making him a presumptive level three sex offender. The Board also indicated that, in any event, the defendant was a presumptive level three sex offender based upon an override for a prior felony conviction of a sex crime. At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed a total of 110 points, including 30 points under risk factor 9 (number and nature of prior crimes, prior violent felony), and determined that the defendant should be designated a level three sex offender and, in effect, a predicate sex offender. The defendant appeals.
We agree with the Supreme Court's determination assessing the defendant 30 points under risk factor 9 based upon his 1983 Michigan conviction of breaking and entering an occupied dwelling with the intent to commit criminal sexual conduct in the second degree. That offense includes all of the essential elements of the New York offense of burglary in the second degree, namely, that the person "knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when . . . [t]he building is a dwelling" (Penal Law § 140.25[2]; see MCA former 750.110). Burglary in the second degree is a violent felony offense under the Penal Law (see Penal Law § 70.02[1][b]).
However, the Supreme Court should not have, in effect, designated the defendant a predicate sex offender based upon his 1983 Michigan conviction. Where the prior conviction was in a jurisdiction other than New York State, the offense in the other jurisdiction must include all of the essential elements of a crime enumerated as a "sex offense" or "sexually violent offense" in the Correction Law or must require registration as a sex offender in the jurisdiction in which the conviction occurred (see Correction Law § 168-a[2][d], [3][b]; People v Lancaster, 128 AD3d 786, 787; People v Kruger, 88 AD3d 1169, 1170-1171; People v Mann, 52 AD3d 884, 885). Although the crime of breaking and entering an occupied dwelling with the intent to commit criminal sexual conduct in the second degree in Michigan is equivalent to the offense of burglary in the second degree in New York (see Penal Law § 140.25[2]; MCA former 750.110), burglary is not classified by the Correction Law as a "sex offense" or a "sexually violent offense" (see Correction Law § 168-a[2][d][i]; [3][b]), and the People did not rely on the 1983 Michigan conviction as constituting a sexually motivated felony. Moreover, the crime of which the defendant was convicted in 1983 is not considered a sex offense requiring registration as a sex offender in Michigan (see Correction Law § 168-a[2][d][ii]; [3][b]; MCL 28.722[r], [s], [t], [u], [v]). Accordingly, the designation of the defendant as a predicate sex offender was improper (see People v Lancaster, 128 AD3d at 787).
In light of our determination, the defendant's remaining contention has been rendered academic.
AUSTIN, J.P., LEVENTHAL, ROMAN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court