People v Fews (2019 NY Slip Op 06180)





People v Fews


2019 NY Slip Op 06180


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-10069

[*1]People of State of New York, respondent,
v
Hafani Fews, appellant.


Paul Skip Laisure, New York, NY (Lauren E. Jones and Meredith S. Holt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (William M. Harrington, J.), dated July 25, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
As the People correctly concede, in determining the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court should not have assessed 10 points under risk factor 12 for the defendant's failure to accept responsibility for his criminal conduct. At the time the defendant denied responsibility, he was challenging his conviction on direct appeal (see People v Britton, 148 AD3d 1064, 1064-1065, affd 31 NY3d 1019). However, subtracting these 10 points does not alter the defendant's presumptive risk level three designation, which resulted from an automatic override due to his prior felony conviction for a sex crime (see People v Johnson, 135 AD3d 720).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861).
Contrary to the defendant's contention, he failed to sustain his burden of proof in support of his application for a downward departure from his presumptive risk level three designation. Most of the circumstances cited by the defendant in support of his application were adequately taken into account by the Guidelines, including his living and employment prospects (see [*2]Guidelines at 17-18) and his conduct while incarcerated (see Guidelines at 16-17). Accordingly, to the extent that the defendant relied upon these factors in support of his application for a downward departure, he failed to demonstrate that they constituted mitigating circumstances "of a kind or to a degree not adequately taken into account by the [G]uidelines" (People v Gillotti, 23 NY3d at 861; see People v Santiago, 137 AD3d 762, 764). The defendant also cited family support as a mitigating circumstance; however, "the defendant failed to demonstrate how having support from his family established a lower likelihood of reoffense or danger to the community" (People v Blinker, 170 AD3d 1052, 1053). Consequently, on the facts presented, the defendant failed to establish that this was an appropriate mitigating factor not otherwise adequately taken into account by the Guidelines (see id. at 1052-1053; People v Kohout, 145 AD3d 922). In any event, with respect to all of these circumstances, the defendant failed to demonstrate by a preponderance of the evidence that these circumstances "resulted in the over-assessment of his risk to public safety" (People v Wyatt, 89 AD3d at 129).
Accordingly, we agree with the Supreme Court's determination denying the defendant's request for a downward departure and designating him a level three sex offender.
MASTRO, J.P., BALKIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court