Matter of Kelsey v Hochul (2023 NY Slip Op 05776)

Matter of Kelsey v Hochul

2023 NY Slip Op 05776

Decided on November 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 16, 2023

CV-22-2277
[*1]In the Matter of Michael N. Kelsey, Appellant,
v
Kathy Hochul, as Governor of the State of New York, Respondent.

Calendar Date:October 13, 2023

Before:Egan Jr., J.P., Clark, Ceresia, McShan and Powers, JJ.

Michael N. Kelsey, Salt Point, appellant pro se.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the Supreme Court (Peter A. Lynch, J.), entered September 2, 2022 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondent's motion to dismiss the petition/complaint.
Pursuant to the Sex Offender Registration Act (see Correction Law art 6-c [hereinafter SORA]), the Division of Criminal Justice Services maintains a registry of individuals convicted of sex offenses and places upon these individuals the obligation to register with the division while setting forth that the failure to do so is a felony offense (see Correction Law §§ 168-b, 168-f, 168-t). Petitioner, a registered sex offender, commenced this combined proceeding alleging, among other things, that the registration requirement and attendant penalty provision set forth therein are facially unconstitutional as violative of the Fourth and Thirteenth Amendments to the US Constitution. After petitioner filed an amended petition, respondent moved to dismiss. Supreme Court granted the motion, finding, as is relevant here, that petitioner's constitutional challenges lacked merit. Petitioner appeals.
"Legislative enactments carry an exceedingly strong presumption of constitutionality, and while this presumption is rebuttable, one undertaking that task carries a heavy burden of demonstrating unconstitutionality beyond a reasonable doubt" (Matter of Walt Disney Co. & Consol. Subsidiaries v Tax Appeals Trib. of the State of N.Y., 210 AD3d 86, 92 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; see Matter of Schulz v State of New York, 216 AD3d 21, 25 [3d Dept 2023] appeal dismissed 40 NY3d 1004 [2023]). As facial challenges to statutes are generally disfavored, petitioner, as the party mounting such challenge, "bear[s] the substantial burden of demonstrating that in any degree and in every conceivable application, the law suffers wholesale constitutional impairment" (White v Cuomo, 38 NY3d 209, 216 [2022] [internal quotation marks and citations omitted]; see People v Stuart, 100 NY2d 412, 422 [2003]; Matarazzo v CHARLEE Family Care, Inc., 218 AD3d 941, 942-943 [3d Dept 2023]).
"[T]he 4th Amendment of the United States Constitution . . . protect[s] individuals from unreasonable government intrusions into their legitimate expectations of privacy" (Matter of Owner Operator Ind. Drivers Assn., Inc. v New York State Dept. of Transp., 40 NY3d 55, 62 [2023] [internal quotation marks and citation omitted]). Even assuming that SORA exposes individuals to a search and seizure, when taking into account the strong societal interest in protecting the public from those who have been convicted of sex offenses and the "reduced expectation of privacy" of persons convicted of such crimes (L 1995, ch 192, § 1; see also People v Knox, 12 NY3d 60, 67 [2009], cert denied 558 US 1011 [2009]; People v Szwalla, 61 AD3d 1289, 1290 [3d Dept 2009]), this is not a governmental intrusion that society [*2]deems unreasonable (see Jones v County of Suffolk, 936 F3d 108, 118-119 [2d Cir 2019]; Doe v Cuomo, 755 F3d 105, 115 [2d Cir 2014]; cf. People v Slivienski, 204 AD3d 1228, 1237 [3d Dept 2022], lv denied 38 NY3d 1136 [2022]).
Petitioner's argument that SORA's registration obligation amounts to involuntary servitude is similarly without merit as this is plainly not a "form[ ] of compulsory labor akin to African slavery" as was intended to be prohibited by the Thirteenth Amendment (United States v Kozminski, 487 US 931, 942 [1988] [internal quotation marks and citation omitted]).
Egan Jr., J.P., Clark, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed, without costs.