■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD TILLEY, Appellant. [758 NYS2d 891] —Appeal from an order of Ontario County Court (Doran, J.), entered April 29, 2002, which determined that defendant is a level three risk under the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk under the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that he was denied due process because he did not receive sufficient notice of the hearing conducted by County Court to determine his risk level. Defendant's contention is raised for the first time on appeal and therefore is not preserved for our review (*see* CPL 470.05 [2]). In any event, defense counsel stated that he was prepared for the hearing and, indeed, objected to the prosecutor's request for an adjournment, and thus defendant waived his present contention. Defendant further contends that the People failed to present sufficient facts to meet their burden of establishing that he is a level three risk. Defendant stipulated to all issues concerning his risk assessment with the exception of the issue concerning his acceptance of responsibility. Thus, that was the only issue litigated at the hearing and the only issue properly before us on this appeal concerning defendant's risk level. Contrary to the contention of defendant, the People established by clear and convincing evidence that he has not accepted responsibility for his sexual abuse of his four-year-old daughter (*see People v Brown*, 302 AD2d 919 [2003]). Although defendant testified at the hearing that he sexually abused his daughter, the record establishes that he accepted responsibility only after realizing that he would be subject to a higher

risk assessment if he did not accept responsibility. Consequently, we affirm. Present—Pigott, Jr., P.J., Green, Wisner, Burns and Lawton, JJ.