■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC VAUGHN, Appellant. [809 NYS2d 718]—

Appeal from an order of the Ontario County Court (James R. Harvey, J.), dated July 18, 2003. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*), defendant contends that County Court's determination of his risk level is not supported by the requisite clear and convincing evidence (*see* § 168-n [3]). We reject that contention. The court properly assessed points under the factor based on the age of the victim, who was 10 years old at the time of the incident. The court also

properly assessed points under the factor based on the physical helplessness of the victim because she was asleep during the beginning portion of the sexual assault and thus was physically helpless (*see People v Frisbee*, 3 Misc 3d 507, 510 [2004]). Also contrary to defendant's contention, the court properly assessed points under the factor for drug and alcohol abuse. The record establishes that defendant previously had been arrested and pleaded guilty to driving while intoxicated, and he admitted that he had a history of alcohol and marihuana use that continued into his adulthood. Although defendant asserts that he has abstained from substance use in recent years, he failed to present " 'clear and convincing evidence of the existence of special circumstance[s] to warrant . . . [a] downward departure' . . . from the presumptive risk level" (*People v Hamelinck*, 23 AD3d 1060, 1060 [2005], quoting *People v Guaman*, 8 AD3d 545, 545 [2004]).

Finally, we conclude that the court properly determined that defendant engaged in improper conduct while confined. SORA permits the court to consider reliable hearsay evidence in determining the proper classification (*see* Correction Law § 168-n [3]; *People v Dort*, 18 AD3d 23, 25 [2005], *lv denied* 4 NY3d 885 [2005]). Here, the case summary, which constitutes reliable hearsay, sets forth that defendant committed a Tier III sex offense that resulted in his placement in a special housing unit. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Gorski and Green, JJ.