■ In the Matter of SVETLANA A.S., Appellant, v EILEEN F., Respondent. [815 NYS2d 878]—Appeal from an order of the Family Court, Jefferson County (Peter A. Schwerzmann, J.), entered August 19, 2004 in a proceeding pursuant to Family Court Act article 8. The order granted respondent's motion to dismiss the petition.

It is hereby ordered that said appeal be and the same hereby is unanimously dismissed without costs.

Memorandum: Petitioner appeals from an order granting respondent's motion to dismiss the petition for an order of protection pursuant to article 8 of the Family Court Act. Petitioner contends on appeal that she and respondent's stepson were still married at the time Family Court dismissed the petition inasmuch as their judgment of divorce had not yet been filed, and thus the court erred in dismissing the petition based on its mistaken belief that it lacked jurisdiction to grant her family offense petition against respondent. A judgment of divorce has since been filed, however, and we therefore dismiss the appeal as moot. Present—Pigott, Jr., P.J., Kehoe, Gorski, Green and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADDIE CRUZ, Appellant. [815 NYS2d 877]—Appeal from an order of the Erie County Court (Sheila A. DiTullio, J.), dated January 25, 2005. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: We reject the contention of defendant that County Court erred in determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). The People met their burden of proving the facts supporting that risk level classification by clear and convincing evidence (*see* § 168-n [3]; *People v McDaniel*, 27 AD3d 1158 [2006]; *see also People v Vacanti*, 26 AD3d 732, 733 [2006]; *People v Vaughn*, 26 AD3d 776 [2006]), and defendant failed to present the requisite clear and convincing evidence of special circumstances justifying a downward departure (*see McDaniel*, 27 AD3d 1158 [2006]; *Vaughn*, 26 AD3d at 777). Present—Pigott, Jr., P.J., Kehoe, Gorski, Green and Pine, JJ.