▪ The People of the State of New York, Respondent, v Willie Wragg, Appellant. [838 NYS2d 755]—

Appeal from an order of the Supreme Court, Monroe County (Frank P. Geraci, Jr., A.J.), entered February 7, 2006. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (SORA) (Correction Law § 168 *et seq.*), defendant contends that Supreme Court erred in relying upon the facts set forth in the case summary. Defendant failed to preserve that contention for our review (*see generally People v Smith*, 17 AD3d 1045 [2005], *lv denied* 5 NY3d 705 [2005]; *People v Peterson*, 8 AD3d 1124, 1124-1125 [2004], *lv denied* 3 NY3d 607 [2004]) and, indeed, he waived that contention based on his own reliance on

portions of the case summary at the SORA hearing (*see generally People v Tilley*, 305 AD2d 1041 [2003], *lv denied* 100 NY2d 588 [2003]). In any event, defendant's contention lacks merit. The case summary constitutes reliable hearsay, and the court properly relied on the facts in that summary in determining defendant's risk level (*see People v Vaughn*, 26 AD3d 776, 777 [2006]; *see also People v Tucker*, 20 AD3d 938, 939 [2005]; *People v Girup*, 9 AD3d 913, 913-914 [2004]). Contrary to defendant's further contention, the court properly assessed points under the factor concerning the failure to accept responsibility and the refusal to attend treatment or the expulsion from treatment (*see People v Cruz*, 30 AD3d 1021, 1022 [2006], *lv denied* 7 NY3d 712 [2006]; *People v Noriega*, 26 AD3d 767 [2006], *lv denied* 6 NY3d 713 [2006]; *Tilley*, 305 AD2d at 1041-1042), as well as under the factor concerning unsatisfactory conduct while confined (*see Vaughn*, 26 AD3d at 777; *Peterson*, 8 AD3d at 1124). Finally, defendant "failed to present clear and convincing evidence of the existence of special circumstance[s] to warrant . . . [a] downward departure . . . from the presumptive risk level" (*Vaughn*, 26 AD3d at 777 [internal quotation marks omitted]; *see People v Marks*, 31 AD3d 1142, 1143 [2006], *lv denied* 7 NY3d 715 [2006]). Contrary to the contention of defendant, his poor physical health did not warrant a downward departure (*see generally People v Mothersell*, 26 AD3d 620, 621 [2006]). Defendant was convicted of an offense that occurred within his own home, thus indicating that any limited mobility resulting from his medical conditions did not reduce his risk to reoffend. Present—Gorski, J.P., Smith, Centra, Lunn and Fahey, JJ.