THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD J. ELKINS, Appellant. [845 NYS2d 592]—Appeal from an

order of the Supreme Court, Monroe County (Frank P. Geraci, Jr., A.J.), entered March 11, 2005. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). Defendant waived his right to be present at the SORA hearing, assigned counsel did not appear on his behalf, and the SORA hearing was conducted in the absence of defendant and defense counsel. The day after the SORA hearing, defense counsel advised Supreme Court by letter that he was unable to attend the hearing because he was delayed in another court on another matter. In that letter, defense counsel also challenged the total risk factor score on the risk assessment instrument presumptively classifying defendant as a level three risk, including the assessment of points under three risk factors. Defense counsel did not, however, object on the ground that the court conducted the SORA hearing in his absence, nor did he request that the court reopen the hearing. Under those circumstances, we conclude that defendant failed to preserve for our review his contention that the court erred in conducting the SORA hearing in defense counsel's absence (*see People v Warrington*, 19 AD3d 881 [2005]; *see also People v Tilley*, 305 AD2d 1041 [2003], *lv denied* 100 NY2d 588 [2003]; *see generally People v Charache*, 9 NY3d 829, 830 [2007]). Present—Martoche, J.P., Centra, Peradotto, Green and Pine, JJ.