■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE CRAIG, Appellant. [845 NYS2d 594]—

Appeal from an order of the Erie County Court (Timothy J. Drury, J.), entered August 29, 2006. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that County Court's determination of his risk level is not supported by the requisite clear and convincing evidence (*see* § 168-n [3]). We reject that contention. The statements in the case summary

and presentence report with respect to defendant's conduct constitute reliable hearsay supporting the court's assessment of points under the risk factor for deviate sexual intercourse (*see* *People v Vacanti*, 26 AD3d 732 [2006], *lv denied* 6 NY3d 714 [2006]; *People v Vaughn*, 26 AD3d 776 [2006]). Contrary to defendant's contention, the former statute defining deviate sexual intercourse did not require penetration but, rather, only contact between the penis and the anus was required (*see* Penal Law former § 130.00 [2]).

We likewise reject the contention of defendant that the court erred in determining that he engaged in improper conduct while confined. "Here, the case summary, which constitutes reliable hearsay, sets forth that defendant committed a Tier III sex offense" (*Vaughn*, 26 AD3d at 777). Furthermore, defendant admitted that he wrote a letter detailing a sexual relationship with another inmate, and thus the court was entitled to discredit defendant's denial of the existence of that sexual relationship. Present—Martoche, J.P., Centra, Peradotto, Green and Pine, JJ.