The People of the State of New York, Respondent, v James C. Woodard, Appellant. [880 NYS2d 450]—

Appeal from an order of the Ontario County Court (William F. Kocher, J.), entered January 25, 2008. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk under the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). The total risk factor score on the risk factor instrument prepared by the Board of Examiners of Sex Offenders (Board) resulted in the presumptive classification of defendant as a level two risk, but the Board

recommended a downward departure. County Court, however, was not bound by the Board's recommendation and, in the proper exercise of its discretion, the court determined defendant's risk level based upon the record before it (*see People v Charache*, 32 AD3d 1345 [2006], *affd* 9 NY3d 829 [2007]; *People v Walker*, 47 AD3d 692, 693-694 [2008]). "The record supports the court's determination that there was no 'mitigating factor of a kind, or to a degree, not otherwise adequately taken into account by the guidelines,' and thus that a departure from the presumptive risk level was not warranted" (*Charache*, 32 AD3d 1345 [2006]).

We reject defendant's contention that the assessment of 15 points for drug or alcohol abuse is not supported by the requisite clear and convincing evidence (*see generally* Correction Law § 168-n [3]). At the SORA hearing, defendant admitted that he had a history of drug and alcohol abuse prior to the current offense and that, during his incarceration, there was a determination against him following a tier III hearing resulting from his possession of marihuana (*see generally People v MacDowall*, 59 AD3d 763 [2009]). The court was entitled to reject the further testimony of defendant that he had a prolonged period of abstinence from alcohol or drugs inasmuch as defendant's testimony was contradicted by the determination following the tier III hearing and the statements of defendant regarding his alcohol use set forth in the presentence report (*see People v Longtin*, 54 AD3d 1110, 1111 [2008], *lv denied* 11 NY3d 714 [2008]). Present—Martoche, J.P., Smith, Fahey, Carni and Green, JJ.