# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**31**

**KA 10-01402**

PRESENT: SCUDDER, P.J., SMITH, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DOUGLAS CUMMINGS, DEFENDANT-APPELLANT.

---

NORMAN P. EFFMAN, PUBLIC DEFENDER, WARSAW (GREGORY A. KILBURN OF COUNSEL), FOR DEFENDANT-APPELLANT.

GERALD L. STOUT, DISTRICT ATTORNEY, WARSAW (VINCENT A. HEMMING OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Wyoming County Court (Mark H. Dadd, J.), dated May 11, 2009. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq*.), defendant contends that he was entitled to a downward departure from his presumptive risk level. We reject that contention. "A departure from the presumptive risk level is warranted where 'there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the [Risk Assessment Guidelines of the Sex Offender Registration Act]' . . . There must exist clear and convincing evidence of the existence of special circumstance[s] to warrant an upward or downward departure" (*People v Guaman*, 8 AD3d 545). Here, defendant failed to establish his entitlement to a downward departure from the presumptive risk level. The jury convicted defendant of rape by forcible compulsion (Penal Law § 130.35 [1]). Forcible compulsion means to compel by either the use of physical force or a threat, express or implied, that places another in fear of, inter alia, immediate death or physical injury (*see* Penal Law § 130.00 [8]). By virtue of its verdict, the jury necessarily found that defendant used either physical force or a threat of such force to overcome the victim's lack of consent.

Contrary to the contention of defendant, a downward departure is not warranted on the ground that, subsequent to his conviction, the Legislature amended article 130 of the Penal Law (*see* L 2000, ch 1). That legislation, in relevant part (*see* L 2000, ch 1, § 32), added a

new subdivision to rape in the third degree, pursuant to which a person is guilty of that crime if "[h]e or she engage[d] in sexual intercourse with another person without such person's consent where such lack of consent is by reason of some factor other than incapacity to consent" (§ 130.25 [3]).  The legislation was " 'designed to address the so-called date rape or acquaintance rape situations [where] there [might] be consent to various acts leading up to the sexual act, but at the time of the act, the victim clearly says no or otherwise expresses a lack of consent, and a reasonable person in the actor's situation would understand that the victim was expressing a lack of consent' " (*People v Newton*, 8 NY3d 460, 463).  Defendant contends that the new subdivision encompasses the conduct for which he was convicted and thus renders his conduct less culpable.  That contention is without merit.  A review of the legislative history establishes that the legislation was intended to "increase[] penalties against sex offenders . . . and close[] existing loopholes related to sex crime prosecution" (Budget Rep on Bills, Bill Jacket, L 2000, ch 1, at 3).  In addition, the legislation was intended to address "the [former] inadequate definition of 'lack of consent' by expanding it to apply where a person, at the time of an act of sexual intercourse or deviate sexual intercourse, clearly expresses lack of consent to engage in such acts" (Mem of Off of Attorney Gen, Bill Jacket, L 2000, ch 1, at 5).  Thus, it cannot be said that the legislation was also intended to reduce the penalties for forcible rape.

Entered:  February 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court