■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN MURRAY, Appellant. [932 NYS2d 399]—

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Contrary to defendant's contention, the People established by clear and convincing evidence that he has not accepted responsibility for the attempted rape of which he was convicted. County Court was entitled to discredit defendant's statements accepting responsibility set forth in a letter to the Board of Examiners of Sex Offenders (*see People v Woodard*, 63 AD3d 1655 [2009], *lv denied* 13 NY3d 706 [2009]; *People v Tilley*, 305 AD2d 1041 [2003], *lv denied* 100 NY2d 588 [2003]). Indeed, we note that those statements were contradicted by the case summary and defendant's presentence report. Also contrary to defendant's contention, the record contains clear and convincing evidence that his record while incarcerated included "numerous citations for disciplinary violations" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 16 [2006]; *see People v Catchings*, 56 AD3d 1181 [2008], *lv denied* 12 NY3d 701 [2009]). Finally, we conclude that defendant failed to establish his entitlement to a downward departure from the presumptive risk level, particularly in light of the violent nature of the crime and the absence of any aggravating or mitigating factor

not otherwise taken into account by the Risk Assessment Guidelines (*see People v Cummings*, 81 AD3d 1261 [2011], *lv denied* 16 NY3d 711 [2011]; *see generally People v Guaman*, 8 AD3d 545 [2004]). Present—Scudder, P.J., Smith, Centra, Green and Gorski, JJ.