# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1069**
**KA 10-01754**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                            MEMORANDUM AND ORDER

ALAN MURRAY, DEFENDANT-APPELLANT.

---

GARY A. HORTON, PUBLIC DEFENDER, BATAVIA (BRIDGET L. FIELD OF
COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------

Appeal from an order of the Genesee County Court (Robert C.
Noonan, J.), entered July 12, 2010. The order determined that
defendant is a level three risk pursuant to the Sex Offender
Registration Act.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he
is a level three risk pursuant to the Sex Offender Registration Act
(Correction Law § 168 *et seq.*). Contrary to defendant's contention,
the People established by clear and convincing evidence that he has
not accepted responsibility for the attempted rape of which he was
convicted. County Court was entitled to discredit defendant's
statements accepting responsibility set forth in a letter to the Board
of Examiners of Sex Offenders (*see People v Woodard*, 63 AD3d 1655, *lv
denied* 13 NY3d 706; *People v Tilley*, 305 AD2d 1041, *lv denied* 100 NY2d
588). Indeed, we note that those statements were contradicted by the
case summary and defendant's presentence report. Also contrary to
defendant's contention, the record contains clear and convincing
evidence that his record while incarcerated included "numerous
citations for disciplinary violations" (Sex Offender Registration Act:
Risk Assessment Guidelines and Commentary, at 16 [2006]; *see People v
Catchings*, 56 AD3d 1181, *lv denied* 12 NY3d 701). Finally, we conclude
that defendant failed to establish his entitlement to a downward
departure from the presumptive risk level, particularly in light of
the violent nature of the crime and the absence of any aggravating or
mitigating factor not otherwise taken into account by the Risk
Assessment Guidelines (*see People v Cummings*, 81 AD3d 1261, *lv denied*

16 NY3d 711; *see generally People v Guaman*, 8 AD3d 545).