# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**105**

**KA 10-02430**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DAVID L. GARDINER, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

DAVID L. GARDINER, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (STEFANIE GRUBER, VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Onondaga County Court (Joseph E. Fahey, J.), entered November 16, 2010. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.). We reject defendant's contention that County Court erred in assessing 30 points against him under risk factor 3, for having three or more victims. Defendant was charged with sexually abusing three children, including his 11-year-old daughter. Although defendant pleaded guilty only to those counts of the indictment relating to the abuse of his daughter, it is well settled that, in determining the number of victims for SORA purposes, the hearing court is not limited to the crime of which defendant was convicted (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5 [2006]; § 168-n [3]; *People v Callan*, 62 AD3d 1218, 1218-1219). Here, in making its determination, the court was entitled to consider "reliable hearsay evidence," including the case summary, which supported the court's determination as to the number of victims (§ 168-n [3]; *see People v Mingo*, 12 NY3d 563, 572-573; *People v Baker*, 57 AD3d 1472, *lv denied* 12 NY3d 706).

Defendant's contention that the court should have granted a downward departure to a level two risk is not preserved for our review because defendant did not request a downward departure (*see People v Ratcliff*, 53 AD3d 1110, *lv denied* 11 NY3d 708). Finally, contrary to

the contention raised by defendant in his pro se supplemental brief, the court properly assessed 25 points against him under risk factor 2, for having deviate sexual intercourse with at least one of the victims.  Although defendant was not convicted of having deviate sexual intercourse with his daughter, the case summary states that he had deviate sexual intercourse with the other two victims, and the indictment charges him with having deviate sexual intercourse with one of them.  Moreover, the indictment was presumably based upon the victims' grand jury testimony, which also constitutes reliable hearsay (*see People v Howard*, 52 AD3d 273, *lv denied* 11 NY3d 706).

Entered:  February 10, 2012                    Frances E. Cafarell
                                               Clerk of the Court