■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND CHRISTIE, Appellant. [942 NYS2d 664]—

Stein, J. Appeal from an order of the County Court of Rensselaer County (Jacon, J.), entered March 24, 2011, which classified defendant as a risk level two sex offender and a sexually violent offender pursuant to the Sex Offender Registration Act.

In October 1994, defendant was convicted of multiple crimes involving sexual contact with an eight-year-old boy and was thereafter sentenced to a term of 8⅓ to 25 years in prison. In anticipation of defendant's expected release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument presumptively classifying him as a risk level one sex offender, but recommended an upward departure to a level two. At a subsequent hearing, the People advocated for assessing defendant 20 additional points for engaging in a continuing course of sexual conduct toward the victim. County Court agreed, assessed defendant the additional points and, in accord with the presumptive classification, classified defendant as a risk level two sexually violent offender. Defendant now appeals.

We affirm. The burden rests with the People to produce clear and convincing evidence to establish the proper risk classification (see People v Kruger, 88 AD3d 1169, 1170 [2011], lv denied 18 NY3d 806 [2012]; People v Rhodehouse, 88 AD3d 1030, 1031 [2011]). The People did so here with the introduction of a statement by the victim that detailed that defendant had engaged in sexual contact with him on at least five different occasions while defendant was babysitting him. This account was corroborated by defendant's own voluntary statement to police, in which he recounted that the sexual contact had occurred twice at his house and at least twice at the victim's house. Inasmuch as County Court may consider reliable hearsay evidence, such as a victim's statement and admissions by the defendant, we find that its determination was supported by clear and convincing evidence (see People v Burch, 90 AD3d 1429, 1430-1431 [2011]; People v Good, 88 AD3d 1037, 1037 [2011], lv denied 18 NY3d 802 [2011]; People v Gleason, 85 AD3d 1508 [2011], lv denied 17 NY3d 711 [2011]; see generally Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006]). Defendant's remaining contentions have been examined and found to be without merit.

Peters, P.J., Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.