■ The People of the State of New York, Respondent, v Keegan Robertson, Appellant. [956 NYS2d 378]—

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). We reject defendant's contention that County Court erred in assessing 30 points against him under risk factor 3, for having three or more victims. "[I]t is well settled that, in determining the number of victims for SORA purposes, the hearing court is not limited to the crime of which defendant was convicted" (*People v Gardiner*, 92 AD3d 1228, 1229 [2012], *lv denied* 19 NY3d 801 [2012]). Here, the court properly considered "reliable hearsay evidence," including defendant's statements to the police, in

determining the number of victims (§ 168-n [3]; *see People v Christie*, 94 AD3d 1263, 1263 [2012], *lv denied* 19 NY3d 808 [2012]).

The court also properly denied defendant's request for a downward departure from his presumptive risk level based upon his young age at the time of the underlying offenses. A departure from the presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [risk assessment] guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; *see People v Cummings*, 81 AD3d 1261, 1262 [2011], *lv denied* 16 NY3d 711 [2011]). Here, the guidelines adequately addressed defendant's age when he committed his first sex crime, and the court properly assessed 10 points under risk factor 8 because, at age 20 or less, he committed a sex offense that resulted in an adjudication or a conviction of a sex crime. Present—Scudder, P.J., Fahey, Carni, Lindley and Sconiers, JJ.