# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1329**
**KA 12-00112**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KEEGAN ROBERTSON, DEFENDANT-APPELLANT.

---

J. SCOTT PORTER, SENECA FALLS, FOR DEFENDANT-APPELLANT.

BARRY PORSCH, DISTRICT ATTORNEY, WATERLOO, FOR RESPONDENT.

---

Appeal from an order of the Seneca County Court (W. Patrick Falvey, A.J.), entered October 31, 2011. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.). We reject defendant's contention that County Court erred in assessing 30 points against him under risk factor 3, for having three or more victims. "[I]t is well settled that, in determining the number of victims for SORA purposes, the hearing court is not limited to the crime of which defendant was convicted" (*People v Gardiner*, 92 AD3d 1228, 1229, *lv denied* 19 NY3d 801). Here, the court properly considered "reliable hearsay evidence," including defendant's statements to the police, in determining the number of victims (§ 168-n [3]; *see People v Christie*, 94 AD3d 1263, 1263, *lv denied* 19 NY3d 808).

The court also properly denied defendant's request for a downward departure from his presumptive risk level based upon his young age at the time of the underlying offenses. A departure from the presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [risk assessment] guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see People v Cummings*, 81 AD3d 1261, 1262, *lv denied* 16 NY3d 711). Here, the guidelines adequately addressed defendant's age when he committed his first sex crime, and the court properly assessed 10 points under risk factor 8 because, at age 20 or less, he committed a sex offense that resulted in an adjudication or a

conviction of a sex crime.