People v Sanders (2021 NY Slip Op 04309)





People v Sanders


2021 NY Slip Op 04309


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


641 KA 19-01431

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRIAN SANDERS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Christopher S. Ciaccio, J.), entered May 8, 2019. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.) after his conviction of rape in the third degree for engaging in sexual intercourse with a 16-year-old girl when he was 32 years old. We reject defendant's contention that County Court erred in refusing to grant him a downward departure from his presumptive risk level. Defendant had the initial burden of
" '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence' " (People v Peoples, 189 AD3d 1282, 1282 [2d Dept 2020], lv denied 36 NY3d 910 [2021]; see People v Gillotti, 23 NY3d 841, 861 [2014]; People v Slishevsky, 174 AD3d 1399, 1400 [4th Dept 2019], lv denied 34 NY3d 908 [2020]).
At the SORA hearing, defendant argued that he should be granted a downward departure because there were no allegations that he was abusing drugs or alcohol at the time of the offense. In its decision denying defendant's request for a downward departure, the court found that marihuana "was found in the room where . . . defendant had sex with the victim, thus the use of drugs may very well have been a component of the offense." As defendant contends and the People correctly concede, there is no record support for the court's statement that marihuana was found in the room where defendant had sexual intercourse with the victim. Nevertheless, we conclude that the court providently exercised its discretion in denying defendant's request for a downward departure (see People v Smith, 122 AD3d 1325, 1326 [4th Dept 2014]). The fact that alcohol and drug use may not have been a factor in the commission of the crime is not an appropriate mitigating factor for a downward departure inasmuch as it does not tend "to establish a lower likelihood of reoffense or danger to the community" (id. at 1325 [internal quotation marks omitted]). Moreover, the court examined the "totality of the circumstances" (Gillotti, 23 NY3d at 861), including defendant's extensive criminal history, in concluding that a downward departure was not warranted here.
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court