People v Taylor (2021 NY Slip Op 05432)





People v Taylor


2021 NY Slip Op 05432


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


812 KA 20-01459

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RANDY TAYLOR, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (TYLER BUGDEN OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), entered September 4, 2020. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). We reject defendant's contention that Supreme Court erred in assessing 20 points against him under risk factor 3 for having two victims. " '[I]t is well settled that, in determining the number of victims for SORA purposes, the hearing court is not limited to the crime of which defendant was convicted' " (People v Robertson, 101 AD3d 1671, 1671 [4th Dept 2012]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Gardiner, 92 AD3d 1228, 1229 [4th Dept 2012], lv denied 19 NY3d 801 [2012]). Here, defendant pleaded guilty to one count of criminal sexual act in the second degree (Penal Law § 130.45 [1]), a disposition that, among other things, "satisf[ied] uncharged crimes" related to defendant's possession of child pornography discovered during the investigation into the incident underlying the count to which he pleaded guilty. Defendant does not dispute that the children depicted in that pornography are "victims" as contemplated by factor 3 (see People v Gillotti, 23 NY3d 841, 855 [2014]), and defendant's own submissions included a letter from defendant's former psychologist who stated that defendant acknowledged that he possessed child pornography on his computer, which was consistent with the allegations in the case summary. Under these circumstances, we conclude that the court properly considered the children depicted in the pornography as victims when assessing points under risk factor 3 and that its assessment of points was supported by clear and convincing evidence based on, inter alia, defendant's statement to his psychologist and the case summary (see Robertson, 101 AD3d at 1671-1672; Gardiner, 92 AD3d at 1229; see also People v Christie, 94 AD3d 1263, 1263 [3d Dept 2012], lv denied 19 NY3d 808 [2012]).
The court also properly denied defendant's request for a downward departure. Although it is not clear whether the court applied the correct standard when considering defendant's request, we need not remit the matter because the record is sufficient to review defendant's request for a downward departure under the correct standard (see People v Kowal, 175 AD3d 1057, 1059 [4th Dept 2019]). Applying the correct standard (see Gillotti, 23 NY3d at 860-861), even assuming, arguendo, that defendant satisfied his burden at the first and second steps of the downward departure analysis, at the third step of that analysis we have " 'weigh[ed] the aggravating and mitigating factors [and] determin[ed that] the totality of the circumstances' " do not warrant a downward departure to level one (Kowal, 175 AD3d at 1059).
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court