People v Edwards (2021 NY Slip Op 07359)





People v Edwards


2021 NY Slip Op 07359


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, WINSLOW, AND BANNISTER, JJ.


764 KA 20-01300

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AVERY EDWARDS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (THOMAS M. LEITH OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Onondaga County Court (Stephen J. Dougherty, J.), entered October 1, 2020. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that he was denied due process when the Board of Examiners of Sex Offenders (Board) failed to comply with Correction Law § 168-n (3), which provides in relevant part that, "[n]o later than thirty days prior to the board's recommendation, the sex offender shall be notified that his or her case is under review and that he or she is permitted to submit to the board any information relevant to the review." Although defendant was not provided that requisite notice, we conclude that the error was harmless under the circumstances of this case (see People v Baxin, 26 NY3d 6, 11-12 [2015]; People v Lashway, 25 NY3d 478, 484 [2015]).
Defendant was not prejudiced by the error because, even though he did not have the opportunity to submit information relevant to the initial case review, the Board was aware when it prepared its recommendation that defendant had not been charged with any reoffending conduct since his release from prison years earlier and, moreover, after he was timely notified of the scheduled SORA hearing and provided with the Board's recommendation (see Correction Law
§ 168-n [3]), defendant submitted numerous documents to County Court, in advance of the hearing, rebutting the Board's recommendation and supporting his assertion of mitigating circumstances (see generally Lashway, 25 NY3d at 484; People v Krahmalni, 170 AD3d 444, 444-445 [1st Dept 2019]).
We reject defendant's further contention that the court erred in assessing 15 points against him under risk factor 1 for having inflicted physical injury on the victim. In any event, even assuming, arguendo, that the court erred in assessing 15 points with respect to that risk factor, we note that defendant would nevertheless have been assessed 85 points under the risk assessment instrument, which is still a presumptive level two risk (see People v Rawlinson, 106 AD3d 1509, 1510 [4th Dept 2013], lv denied 21 NY3d 863 [2013]).
Finally, defendant contends that the court erred in refusing to grant him a downward departure from his presumptive risk level. A sex offender seeking a downward departure has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the [*2]evidence" (People v Sanders, 196 AD3d 1066, 1066 [4th Dept 2021] [internal quotation marks omitted]; see People v Gillotti, 23 NY3d 841, 861 [2014]). If the defendant meets that burden, "the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Ramos, 186 AD3d 511, 511 [2d Dept 2020], lv denied 36 NY3d 901 [2020] [emphasis added]; see Gillotti, 23 NY3d at 861).
Here, we agree with defendant that the court erred in concluding that defendant failed to identify and establish the existence of a mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines. Defendant was sentenced to one year in jail with no postrelease supervision and, due to an oversight, he was not registered as a sex offender at sentencing or upon his release from jail. In support of his request for a downward departure, defendant relied on, inter alia, the fact that, despite being unsupervised, he did not reoffend during the seven years between his release from prison on the underlying sex offense and the SORA hearing.
In our view, the fact that defendant was at liberty while unsupervised for an extended period of time without any reoffending conduct is a mitigating factor not adequately taken into account by the guidelines (see People v Sotomayer, 143 AD3d 686, 687 [2d Dept 2016]; see also People v Burgess, 191 AD3d 1256, 1256-1257 [4th Dept 2021]), and it is undisputed that defendant established the existence of that mitigating factor by a preponderance of the evidence (see e.g. Sotomayer, 143 AD3d at 687; People v Rivera, 109 AD3d 805, 806 [2d Dept 2013], lv denied 22 NY3d 856 [2013]).
In view of the court's conclusion, it did not exercise its discretion to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of defendant's dangerousness and risk of sexual recidivism. Under the circumstances of this case, we reverse the order and remit the matter to County Court to make that determination (see People v Lewis, 140 AD3d 1697, 1697 [4th Dept 2016]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court