People v Stevens (2022 NY Slip Op 04245)

People v Stevens

2022 NY Slip Op 04245

Decided on July 1, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

368 KA 20-00916

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL STEVENS, DEFENDANT-APPELLANT. 

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Monroe County Court (Stephen T. Miller, A.J.), entered June 1, 2020. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that County Court erred in refusing to grant him a downward departure from his presumptive risk level. We affirm.
Contrary to defendant's contention, the mere absence of aggravating factors does not warrant a downward departure (see generally People v Gillotti, 23 NY3d 841, 853, 861 [2014]). Rather, a defendant seeking a downward departure bears the burden of establishing by a preponderance of the evidence the existence of an appropriate mitigating factor—i.e., "a factor which tends to establish a lower likelihood of reoffense or danger to the community" (People v Jackson, 114 AD3d 739, 739 [2d Dept 2014], lv denied 23 NY3d 903 [2014]; see People v Johnson, 120 AD3d 1542, 1542 [4th Dept 2014], lv denied 24 NY3d 910 [2014])—that is of a kind or to a degree not adequately taken into account by the risk assessment guidelines (see Gillotti, 23 NY3d at 853; People v Uerkvitz, 171 AD3d 1491, 1492 [4th Dept 2019], lv denied 33 NY3d 912 [2019]; People v Wooten, 136 AD3d 1305, 1306 [4th Dept 2016]). Here, even assuming, arguendo, that defendant is correct in asserting that no aggravating factors were present, we conclude that defendant failed to identify or prove the existence of an appropriate mitigating factor in support of his request for a downward departure at the SORA hearing (see People v Kemp, 163 AD3d 1339, 1341-1342 [3d Dept 2018], lv denied 32 NY3d 919 [2019]). The court thus lacked the discretion to order a downward departure (see People v Braxdton, 166 AD3d 665, 666 [2d Dept 2018], lv denied 32 NY3d 917 [2019]; People v Johnson, 120 AD3d 1542, 1542 [4th Dept 2014], lv denied 24 NY3d 910 [2014]; see also People v Mann, 177 AD3d 1319, 1320 [4th Dept 2019], lv denied 35 NY3d 902 [2020]).
Moreover, even if defendant met his burden on the first two steps of the analysis (see generally Gillotti, 23 NY3d at 861), we conclude that the totality of the circumstances does not warrant a downward departure inasmuch as defendant's presumptive risk level does not represent an overassessment of his dangerousness and risk of sexual recidivism (see People v Taylor, 198 AD3d 1369, 1370 [4th Dept 2021], lv denied 38 NY3d 905 [2022]; People v Bernecky, 161 AD3d 1540, 1541 [4th Dept 2018], lv denied 32 NY3d 901 [2018]; see generally Gillotti, 23 NY3d at 861).
Entered: July 1, 2022
Ann Dillon Flynn
Clerk of the Court