People v Wright (2023 NY Slip Op 02219)

People v Wright

2023 NY Slip Op 02219

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

261 KA 22-01023

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FREDERICK WRIGHT, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Monroe County Court (Douglas A. Randall, J.), entered May 23, 2022. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that he met his initial burden of establishing a mitigating factor under steps one and two of the analysis required for a downward departure, and that County Court erred in failing to weigh the mitigating and aggravating factors under step three of the analysis. We agree. A sex offender seeking a downward departure has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Sanders, 196 AD3d 1066, 1066 [4th Dept 2021], lv denied 37 NY3d 916 [2021] [internal quotation marks omitted]; see People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant met that initial burden by establishing, by a preponderance of the evidence, that he has not been convicted of any sex offenses while at liberty without supervision for an extended period of time (see People v Edwards, 200 AD3d 1594, 1595 [4th Dept 2021]; People v Souverain, 171 AD3d 1225, 1226 [2d Dept 2019], lv denied 33 NY3d 913 [2019]; People v Sotomayer, 143 AD3d 686, 687 [2d Dept 2016]). Where, as here, a defendant meets the initial burden, under step three of the analysis " 'the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism' " (Edwards, 200 AD3d at 1595; see Gillotti, 23 NY3d at 861). Inasmuch as the court incorrectly determined that defendant failed to identify a mitigating factor not adequately taken into account by the SORA Guidelines, it did not exercise its discretion under the third step of the analysis (see Edwards, 200 AD3d at 1595-1596; see generally Gillotti, 23 NY3d at 861).
Where, however, the record is sufficient for us to make our own findings of fact and conclusions of law, we may review a defendant's request for a downward departure instead of remitting (see People v Cornwell, 213 AD3d 1239, 1240 [4th Dept 2023]; People v Taylor, 198 AD3d 1369, 1370 [4th Dept 2021], lv denied 38 NY3d 905 [2022]; People v Chrisley, 193 AD3d 1422, 1425 [4th Dept 2021], lv denied 37 NY3d 909 [2021]; cf. Edwards, 200 AD3d at 1596). We conclude that the mitigating factor of defendant's lack of convictions for sex offenses for over six years since his release without supervision does not outweigh the aggravating factors of the heinous nature of the underlying sex offense and defendant's conduct while on probation, [*2]which included noncompliance with sex offender registration requirements (see People v Garcia, 212 AD3d 468, 469 [1st Dept 2023]; People v Lopez, 154 AD3d 531, 532 [1st Dept 2017]; People v Gonzalez, 138 AD3d 814, 815 [2d Dept 2016], lv denied 27 NY3d 913 [2016]). We therefore conclude, after weighing the aggravating and mitigating factors, that the totality of the circumstances does not warrant a downward departure to level two or to level one (see Cornwell, 213 AD3d at 1240; Taylor, 198 AD3d at 1370).
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court